IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| AJA ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff AJA ELLIS (hereinafter referred to as "ELLIS") and for her complaint against the Defendant CITY OF CHICAGO (hereinafter referred to as the "CITY") states:

## COUNT I –
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

1. This action is brought for damages sustained by ELLIS by reason of the CITY's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, ELLIS was and is a citizen of the United States, a resident of the Northern District of Illinois and is African-American and a female.

3. At all times relevant hereto, the CITY was and is a municipal corporation organized and existing under the laws of the State of Illinois with its principal place of business located at headquarters located at 121 N. LaSalle Street, Chicago, Illinois 60602.

1

4. At all times relevant hereto, the CITY was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6. Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this District.

7. Prior to February 21, 2017, ELLIS had applied for an apartment in Chicago and was approved on February 8, 2017.

8. Due to the City of Chicago not approving the final occupancy permit, ELLIS' move-in date was delayed to June 1, 2017.

9. Nevertheless, in order to comply with the CITY's residency requirements, ELLIS and her daughter moved to her grandmother's apartment located in Chicago.

10. ELLIS would return, however, to her prior residence in Cicero, Illinois just to remove her personal property.

11. Since ELLIS could not afford a mover, she had to remove the personal property in the Cicero apartment by herself and with a friend.

12. On February 21, 2017, ELLIS received her notice to report for duty to the Chicago Police Department.

13. On or about March 16, 2017, ELLIS was hired by the CITY to the position of Patrolman for the Chicago Police Department.

14. ELLIS was located at the 11th District located at 3151 W. Harrison in Chicago, Illinois 606012.

15. Up to February 24, 2018, ELLIS received favorable performance reviews and accolades from her superiors at the Chicago Police Department.

16. At all times relevant hereto, it was the policy of the CITY not to discriminate against any employee on the basis of his or her race or sex.

17. At all times relevant hereto, the CITY knew that ELLIS was African-American.

18. Nevertheless, commencing on February 24, 2018, ELLIS was discriminated against because of her race and sex.

19. Specifically, on February 24, 2018, ELLIS was called out of roll call at the 11th District and was advised to go to headquarters at 35th and Michigan in Chicago, Illinois.

20. Upon her arrival, she met with Sergeant Michael Tate and Sergeant Tracy Walker.

21. Sergeant Tate told ELLIS that she was under investigation for purportedly violating the residency requirement that is required of a police officer to live in the City of Chicago.

22. ELLIS told Sergeant Tate and Sergeant Walker that since she was hired by the City of Chicago, she lived in the City of Chicago and was not residing elsewhere.

23. Sergeant Tate and Sergeant Walker advised ELLIS that a complaint had been filed against her by a former landlord when she lived in Cicero up to March 1, 2017 who falsely stated that she was still living in Cicero.

24. ELLIS reiterated to Sergeant Tate and Sergeant Walker that she was merely in the process of removing certain personal property from that apartment in Cicero, but that she was not living there.

25. Rather, ELLIS told them that she had an apartment that she was getting ready for June, 2017 and that she was currently living at her grandmother's house at 1908 S. Springfield in Chicago, Illinois.

26. Sergeant Tate then asked ELLIS to turn over her badge, her ID and her gun to them and advised her that she was being stripped of her position because she did not live in the City of Chicago.

27. To compound matters, on March 1, 2018, ELLIS was advised that she was terminated from the police force because she purportedly did not reside in the City of Chicago.

28. The claimed reason advanced for ELLIS' termination was nothing more than a pretext for the race and sex discrimination that the City of Chicago committed against her especially since there were Caucasian and male police officers who did not live in Chicago and were not terminated from their positions.

29. Beside one other individual, ELLIS was the only African American female police officer in her class.

30. Since ELLIS did live in the City of Chicago and did not engage in any misconduct that would warrant her removal from her position, the CITY has, therefore, discriminated against her because of her race and sex in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

31. On August 15, 2018, the Equal Employment Opportunity Commission received ELLIS' charge of discrimination.

32. Pursuant to ELLIS', on February 1, 2019, the United States Department of Justice issued ELLIS a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

33. Less than ninety days have expired since ELLIS' receipt of this notice of right to sue.

34. The CITY's violation of ELLIS' civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused ELLIS pecuniary damages.

WHEREFORE the Plaintiff AJA ELLIS requests that this Court enter judgment in her favor and against the Defendant CITY OF CHICAGO as follows:

    a. Enjoining the CITY from engaging in such unlawful employment practices as alleged in this complaint.

    b. Requiring the CITY to reinstate ELLIS to her position as a police officer at the rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by the CITY.

    c. Making ELLIS whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by the CITY.

    d.    Awarding ELLIS compensatory damages in an amount to be determined at trial;

    e.    Awarding ELLIS attorney's fees, costs and prejudgment interest.

    f.    Awarding ELLIS such other and further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

                                          Respectfully submitted,

                                          s/Joel F. Handler
                                          JOEL F. HANDLER (#1115812)
                                          One E. Wacker Drive, Suite510
                                          Chicago, Illinois 60601
                                          (312) 832-0008
                                          Attorney for the Plaintiff,
                                          AJA ELLIS